AJAX ENAMELING & FOUNDRY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7343.   Promulgated September 6, 1927.

Petitioner *held* affiliated with A–B Stove Co.

*F. H. Wurzer, Esq.*, for the petitioner.
*J. Harry Byrne, Esq.*, for the respondent.

ARUNDELL: This is a proceeding for the redetermination of deficiencies in income and profits taxes for the years 1920 and 1921 in respective amounts of $9,662.79 and $10,669.96. The only issue is whether the petitioner was affiliated with the A–B Stove Co. On motion of respondent at the hearing, the A–B Stove Co. entered an appearance as a party to the proceeding although it does not appear that any deficiency is proposed against it.

### FINDINGS OF FACT.

The petitioner is a Michigan corporation having its principal office at Battle Creek. It was organized in 1913 as the A–B Enameling & Foundry Co. and operated under that name until 1916 when it was changed to the Ajax Enameling & Foundry Co.

The organization of the petitioner was conceived by the A–B Stove Co. and had its inception in a resolution adopted at a meeting of the stockholders of the Stove Company. All of the incorporators of the petitioner were stockholders of the Stove Company.

The petitioner was organized for the purpose of making and selling to the A-B Stove Co. castings and enameled parts and during the period of its existence, including the taxable years, it made all the castings and porcelain and enameled parts used in the Stove Company stoves. The petitioner did some work for others than the

Stove Company, but by agreement between the petitioner and the Stove Company the work done for the latter received precedence over that of others. Occasionally employees of the Stove Company were loaned to the petitioner and in such cases a charge was made against the petitioner for the services of the employees. The office of the petitioner was in that of the Stove Company, but separate books were kept for each company.

During the taxable years the positions of president, vice president, and secretary-treasurer of both companies were held, respectively, by F. K. Berry, John T. Woodhouse, and P. C. De Vol. The president and secretary received nominal salaries from the petitioner and drew their principal salaries from the Stove Company. Each company had an executive committee composed of the same persons. The directors elected in January of each year were as follows:

F. K. Berry_____ Both companies.
J. T. Woodhouse_____ Both companies.
P. C. De Vol_____ Both companies.
L. C. Wurzer_____ Both companies.
C. R. Graham_____ Both companies.
A. J. Reedy_____ Both companies.
C. E. Bartenbach_____ Stove Company only.
T. L. Moran_____ Stove Company only.
H. Matthews_____ Ajax Company only.
W. L. Smith_____ Stove Company only in 1920,
                                     and both companies in 1921.

Moran and Smith were engaged in the sales department of the Stove Company. Matthews was superintendent of the foundry of the Ajax Company.

The stockholders owning stock in both companies, the amount and percentage of the stock held were as follows:

| Stockholders | 1920 | | | | 1921 | | | |
|---|---|---|---|---|---|---|---|---|
| | Ajax Company | | A–B Company | | Ajax Company | | A–B Company | |
| | Shares | Per cent | Shares | Per cent | Shares | Per cent | Shares | Per cent |
| W. L. Smith | 20 | 2.8 | 150 | 2.7 | 20 | 2.8 | 160 | 2.9 |
| P. C. De Vol | 56 | 8.0 | 413 | 7.6 | 56 | 8.0 | 413 | 7.6 |
| C. E. Bartenbach | 20 | 2.8 | 180 | 3.3 | 20 | 2.8 | 180 | 3.3 |
| John Heyser | 10 | 1.4 | 360 | 6.6 | 10 | 1.4 | 360 | 6.6 |
| C. E. Kolb (Olive S. Kolb) | 164 | 23.4 | 825 | 15.3 | 164 | 23.4 | 825 | 15.3 |
| A. J. Reedy | 20 | 2.8 | 60 | 1.1 | 20 | 2.8 | 70 | 1.3 |
| L. C. Wurzer | 36 | 5.1 | 325 | 6.0 | 36 | 5.1 | 325 | 6.0 |
| J. T. Woodhouse | 81 | 11.5 | 575 | 10.6 | 81 | 11.5 | 575 | 10.6 |
| J. R. Dickson | 30 | 4.2 | 10 | 0.2 | | | | |
| C. R. Graham | 40 | 5.6 | 217 | 4.0 | 40 | 5.6 | 217 | 4.0 |
| F. K. Berry | 152 | 21.7 | 387 | 7.0 | 167 | 23.8 | 481 | 9.0 |
| H. C. Hawk | 26 | 3.7 | 195 | 3.6 | 26 | 3.7 | 195 | 3.6 |
| Lucy Hawk Smith | 10 | 1.4 | 75 | 1.4 | 10 | 1.4 | 75 | 1.4 |
| W. D. Baker | | | | | 15 | 2.1 | 50 | 1.0 |
| Total | 665 | 94.4 | 3,772 | 69.4 | 665 | 94.4 | 3,926 | 72.6 |

The remaining 35 shares of stock of the Ajax Company were held by two of its employees. Of the remaining shares of the Stove Company the employees owned 395, or 7.1 per cent and some was owned by relatives of the principal stockholders.

The stockholders' and directors' meetings of both companies were held in the offices of the Stove Company. At the annual stockholders' meetings in January of each year some of the stockholders were represented by proxies. There was never any dissenting vote cast by the minority stockholders.

In January, 1922, the petitioner was dissolved and its assets were taken over by the A-B Stove Co.

Petitioner and the A-B Stove Co. were affiliated within the meaning of the Revenue Acts of 1918 and 1921 during the years 1920 and 1921.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by STERNHAGEN and GREEN.